**Mark M. JONES, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 40932.**

Missouri Court of Appeals, Western District.

Feb. 21, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied March 28, 1989.

Application to Transfer Denied April 18, 1989.

Sean D. O'Brien, Public Defender, David S. Durbin, Asst. Public Defender, Kansas City, for appellant.

William L. Webster, Atty. Gen., William J. Swift, Asst. Atty. Gen., Jefferson City, for respondent.

Before FENNER, P.J., and SHANGLER and BERREY, JJ.

FENNER, Presiding Judge.

On May 30, 1986, movant, Mark M. Jones, pled guilty to two counts of forgery in violation of § 570.090, RSMo 1986. He was sentenced to two concurrent seven year terms on October 23, 1987. Movant filed a *pro se* motion to vacate or set aside his sentence on January 20, 1988, alleging entitlement under § 558.031.1, RSMo 1986, to credit for jail time spent on probation and for time during which he was held outside of Missouri pursuant to a Missouri detainer.

Through appointed counsel, movant filed a Second Amended Motion to Correct Sentence on April 4, 1988, asserting movant's entitlement to credit for time served outside of Missouri due to Missouri detainers. Movant next filed a Request for Admissions, on April 8, 1988, pursuant to Rule 24.035(a) and Rule 59.01(a). This request sought the admission that a total of 243 days had been served by movant in foreign jails prior to his commitment in the Missouri Department of Corrections on October 28, 1987. The State filed no answer to movant's Request for Admissions.

The state did subsequently file a Motion to Dismiss movant's post-conviction motion on May 26, 1988, alleging that the original motion filed by movant failed to specify the rule it was based on, that the amended motion was filed on April 4, 1988, pursuant to Rule 27.26 and should have been filed pursuant to Rule 24.035, and that even if movant's motion is treated as brought pursuant to Rule 24.035, the matters asserted are not cognizable under that Rule.

Movant filed a response to the state's motion to dismiss, claiming that motion was untimely and that the matters asserted in his post-conviction motion are cognizable under Rule 24.035. Movant also filed a Motion for Summary Judgment asserting that because the state had failed to timely respond to his Request for Admissions, his contentions of fact must be deemed admitted pursuant to Rule 61.01 and therefore, he was entitled as a matter of law to credit for 243 days.

On July 1, 1988, the motion court overruled both the motion for summary judgment and the motion for post-conviction relief. Movant filed a timely notice of appeal from the denial of these motions.

The facts, as they pertain to movant's points on appeal, are not in dispute. Suf-

fice it to say that on appeal, appellant alleges he has not been credited with any of the time during which he was incarcerated in other jurisdictions in 1985, 1986 and 1987 for bailable offenses as is required by § 558.031.1, RSMo 1986.

In point I, appellant argues that the motion court erred in overruling his Motion for Summary Judgment and his Second Amended Motion because that court improperly found it lacked subject matter jurisdiction. In its order the motion court stated that "Rule 24 [.035] is not a proper basis for [this] claim. It is probably a request for reduction of sentence. This court has long since lost jurisdiction to consider such a request." The motion court also stated, "If defendant is entitled to relief for failure of the prison to give him credit mandated by statute, his remedy would be in the court where he is being confined. I believe the specific remedy would be by way of habeas corpus."

■ Movant maintains that he properly submitted a motion for post-conviction relief pursuant to Rule 24.035 in that his request for relief i.e., correction of sentence by application of a statutory mandate for time credit, is within the scope of relief available under Rule 24.035. Under the circumstances of the present case, this court agrees.

Rule 24.035 is applicable where "[a] person convicted of a felony on a plea of guilty and delivered to the custody of the department of corrections claims that the judgment of conviction or sentence imposed violate the constitution or laws of this state."

Movant claims that his sentence was imposed in violation of § 558.031, RSMo 1986. The pertinent portion of that statute, referred to by appellant, is as follows:

1. A person convicted of a crime in this state shall receive as credit toward service of a sentence of imprisonment all time spent by him in prison or jail both because awaiting trial for such crime and pending transfer after conviction to the division of corrections or the place of confinement to which he was sentenced. Time required by law to be credited upon some other sentence

shall be applied to that sentence alone, except that

(1) Time spent in jail or prison awaiting trial for an offense because of a detainer for such offense shall be credited toward service of a sentence of imprisonment for that offense even though the person was confined awaiting trial for some unrelated bailable offense; and

The time credit Jones seeks under § 558.031, RSMo 1986, is a time credit to which he was entitled at the time of his original sentencing, it being capable of calculation at that time and therefore, should have been included in the sentencing order.

The motion court noted and respondent argues that the appropriate remedy is a state habeas corpus proceeding. However, habeas corpus is the proper remedy for a prisoner to test the legality of his or her continued incarceration. *Smith v. State,* 741 S.W.2d 727, 729 (Mo.App.1987). Movant herein challenges the wrongful imposition of a sentence, for which habeas corpus is not appropriate. *See, Id.*

Because the motion court erred in finding that it lacked jurisdiction to hear movant's motion, this case must be remanded for a hearing to determine the amount of jail time movant was entitled to at the time his original sentence was imposed, pursuant to § 558.031.1, RSMo 1986,

Movant claims in point II that the trial court erred in overruling his motion for summary judgment because he was entitled, as a matter of law, to credit for jail time spent in foreign jurisdictions. He asserts that the exact time periods were conclusively established by his uncontroverted Request for Admissions, therefore, there remained no material issue of fact to be decided by the motion court. Thus, movant claims, the Summary Judgment should have been granted.

■ The motion court found unclear from the documents before it, what part, if any, of movant's time served in other states was occasioned by the extradition of movant to this state. The motion court further found that the time movant was

entitled to, perhaps could be established in a hearing, but held such hearing was not necessary. This holding, as previously indicated, was incorrect and the case must be remanded for a determination of the amount of time credit due movant.

■ However, movant's assertion that the exact time periods were conclusively established because the state failed to respond to his Request for Admissions is incorrect. Rule 59.01 is not, as movant suggests, an absolute rule. Rule 59.01(b) permits withdrawal or amendment of any matter admitted if the court finds that the presentation of the merits of the action will be subserved and the party who obtained the admission fails to satisfy the court that withdrawal or amendment will prejudice him in maintaining his action on the merits. The failure to file a response to the request for admissions did not, as movant asserts, conclusively establish the truth of his assertions pursuant to an absolute rule. The trial court did not, therefore, err in overruling movant's motion for summary judgment because there did exist material issues of fact as to the amount of time movant was entitled to have credited to his sentence. Movant's point II is, therefore, overruled.

In view of the foregoing, the decision of the motion court dismissing movant's request for post-conviction relief pursuant to Rule 24.035 is reversed and the cause is remanded for a determination of the amount of time movant is entitled to have credited to his sentence in accordance with § 558.031.1, RSMo 1986. The holding of the motion court is, in all other respects, hereby affirmed.

All concur.