Dennis D. WYLIE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 47291.

Missouri Court of Appeals, Western District.

Oct. 26, 1993.

Rosalynn Koch, Office of the State Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before SPINDEN, P.J., and FENNER and HANNA, JJ.

PER CURIAM.

Appellant, Dennis D. Wylie, appeals the denial of his Rule 24.035 motion for post-conviction relief. In his post-conviction motion, appellant alleged that the guilty plea court, in violation of section 558.031.1(1), RSMo Supp.1992, failed to specify the number of days of jail time credit he should receive for time spent in confinement in Michigan by virtue of a Missouri detainer.[1] After an evidentiary hearing, the motion court dismissed the motion, finding that the issue was not cognizable under Rule 24.035.

The judgment is affirmed.

Appellant was extradited from Michigan to Missouri on July 22, 1991. On January 27, 1992, appellant pleaded guilty to passing bad checks, in violation of section 570.120. The plea was pursuant to a plea agreement whereby the state would recommend a term of four years imprisonment, with no recommendation as to whether the sentence should be executed. The court accepted the plea, and ordered a pre-sentence investigation. At the sentencing hearing on April 13, 1992, the court sentenced appellant to three years imprisonment and ordered the sentence executed. On the record, as well as in the written judgment, the court ordered that appellant be given credit, "for all time served."

On July 13, 1992, appellant filed a pro se motion for post-conviction relief under Rule 24.035. Appellant alleged, among other things, that the sentencing court erred in not allowing him to receive as credit toward his sentence all time spent by him in jail, including the time spent in Michigan on detainer, thus violating section 558.031. Appellant filed an amended motion pro se; however, that motion has not been made a part of the record on appeal. Appellant timely requested an evidentiary hearing.

At the evidentiary hearing, appellant presented evidence that he has been arrested in St. Clair County, Michigan on May 18, 1991, for "No Account Check; with $5000 c/s or 10% bond." Missouri filed its detainer for the Boone County charge on or about May 22, 1991. The Michigan charge was reduced to attempted no account check, and appellant apparently pleaded guilty on July 15, 1991. The Michigan court sentenced appellant to twenty-eight days, with credit for twenty-eight days already served.

Appellant remained in the custody of the St. Clair County jail from May 18, 1991 through July 22, 1991 when he waived extradition to Missouri. Appellant was incarcerated in Missouri from July 22, 1991 until September 5, 1991, a total of forty-eight days. The Missouri Department of Corrections gave appellant only forty-eight days credit for time served.

On November 23, 1992, the court entered a memorandum decision finding, inter alia, that appellant's request that the court specify the additional credit for time served was not an issue cognizable under Rule 24.035. The court found that the appellant made no claim that the judgment of conviction or sentence imposed violated the constitution or laws of

---

1. All statutory references are to RSMo Supp. 1992 unless otherwise noted.

this state or the United States, or that the court was without jurisdiction to impose the sentence. The court held that the sentencing court was not empowered to calculate the number of days to be credited, and that the calculation of jail time served is strictly an administrative function, citing *State ex rel. Jones v. Cooksey*, 830 S.W.2d 421 (Mo. banc 1992). The motion court dismissed appellant's motion.

Appellant appeals, claiming that the motion court erred in dismissing his motion, because his sentence imposed violates section 558.031.

Under section 558.031.1(1), time spent in jail awaiting trial for an offense because of a detainer for that offense shall be credited toward service of a sentence for that offense even though the person was confined awaiting trial for some unrelated bailable offense. Appellant cites a case from this court, *Jones v. State*, 767 S.W.2d 90 (Mo.App.1989), in support of the proposition that the time credit under section 558.031 is a credit to which he was entitled at the time of his sentencing. Appellant argues that the sentencing court's failure to specifically include that credit supports the claim that the judgment of conviction or sentence was in violation of the laws of this state. Indeed, this court has consistently held that the issue of proper credit for time served is properly raised in a post-conviction proceeding. *Id.* at 92; *Scott v. State*, 770 S.W.2d 269, 271–72 (Mo.App.1989).

However, in *State ex rel. Jones v. Cooksey*, 830 S.W.2d 421 (Mo. banc 1992), the Missouri Supreme Court reviewed an application for writ of habeas corpus. The movant therein, Richard Austin, was convicted of first degree robbery and sentenced to fifteen years, with "credit for all time held on detainer since September 29, 1982." *Id.* at 422. Nonetheless, the Department of Corrections had not credited Austin for any time he had been held on detainer in Kansas. *Id.* at 422–23. Austin filed an institutional grievance, and, "at the fifth and final rung of the grievance ladder," was informed that none of the time served in Kansas would be credited because Austin served a Kansas sentence during its pendency. *Id.* at 423.

Austin filed a habeas corpus motion with the Randolph County Circuit Court asserting two grounds for relief: that his jail time was incorrectly calculated, and that he was not being allowed all the time credit that was granted to him by the Wright County Court. *Id.* at 423. The circuit court granted Austin relief of an additional jail time credit of 337 days based upon the order by the sentencing court. The Missouri Supreme Court reversed, finding that the mandatory crediting of jail time under section 558.031 was peculiarly within the jurisdiction of the department of corrections. *Id.* at 424–25. Thus, the sentencing court is without jurisdiction to award jail time credit based upon section 558.031.1(1). *Id.* at 425–26.

Under Rule 24.035(a), a person convicted of a felony on a guilty plea and delivered to the custody of the department of corrections who claims that the judgment of conviction or sentence imposed violates the constitution or laws of this state or the constitution of the United States, that the court imposing the sentence was without jurisdiction to do so, or that the sentence imposed was in excess of the maximum sentenced authorized by law may seek relief in the sentencing court pursuant to Rule 24.035.

The sentencing court's discretion is for the purpose of suiting the punishment to the crime. *Cooksey*, 830 S.W.2d at 424. However, the sentencing court does not have the jurisdiction to credit jail time at the time of sentencing. *Id.* at 426. There is no challenge to the validity of the sentence, only to the administrative calculation of the time remaining to be served under section 558.031. Therefore, the failure to calculate that time appropriately is not an issue properly raised under a Rule 24.035 motion for post-conviction relief. *Murphy v. State*, No. 62085, slip op. at 4, 1993 WL 335383 (E.D.Mo.App. September 7, 1993). In *Murphy*, the court applied the reasoning of *Cooksey* and found that because the sentencing court had no jurisdiction to grant jail time credit, the failure to consider it could not be said to present a Rule 24.035 claim. *Id.* The court stated that movant should pursue an administrative remedy and, if this fails, extraordinary relief may be available under habeas corpus. *Id.*

Appellant's claim for jail time credit must be addressed solely to whether the department of corrections has properly credited the jail time served under section 558.031. There is no claim that the sentence or judgment themselves are invalid, thus the claim is not cognizable under Rule 24.035. The motion court did not err in dismissing appellant's motion.

Affirmed.