**James H. MURPHY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 76394.**

Supreme Court of Missouri,
En Banc.

March 22, 1994.

Rehearing Denied April 26, 1994.

Dave Hemingway, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Michael J. Spillane, Asst. Atty. Gen., Jefferson City, for respondent.

BENTON, Judge.

On July 22, 1991, appellant James H. Murphy pleaded guilty to the sale and possession of a controlled substance under sections 195.-211 and 195.202 RSMo Supp.1991. The circuit court directed that Murphy "shall receive full credit for all jail time previously served pursuant to Chapter 558.031 Revised Statutes of Missouri." Murphy contends his jail credit was improperly calculated.

Murphy appeals the denial of his Rule 24.035 motion for credit for time served while incarcerated in jail or prison awaiting disposition of these charges. The trial judge rejected Murphy's claims. The court of appeals affirmed, holding that claims for time served are not cognizable under Rule 24.035. This Court granted transfer and now affirms. *Missouri Const. art. V § 3.*

■ Murphy seeks credit for time served under § 558.031 RSMo Supp.1993:

1. A person convicted of a crime in this state shall receive as credit toward service of a sentence of imprisonment all time spent by him in prison or jail or both while awaiting trial for such crime and while pending transfer after conviction to the department of corrections or the place of confinement to which he was sentenced. Time required by law to be credited upon some other sentence shall be applied to that sentence alone, except that

(1) Time spent in jail or prison awaiting trial for an offense because of a detainer for such offense shall be credited toward service of a sentence of imprisonment for that offense even though the person was confined awaiting trial for some unrelated bailable offense; ...

2. The officer required by law to deliver a convicted person to the department of corrections shall endorse upon the commitment papers the period of time to be credited as provided in subsection 1 of this section.

"[T]his statutory scheme contemplates an administrative and not a judicial determination of the jail time to be credited, with no sharing of jurisdiction between the two branches of government." *State ex rel. Jones v. Cooksey,* 830 S.W.2d 421, 425 (Mo. banc 1992). As a matter of law, the sentencing court has no discretion in crediting jail time and it is the sheriff and the department of corrections, not the court, that calculate and record time served. *Id.* at 424. Therefore, a prisoner must request credit from the executive branch's department of corrections; administrative remedies and extraordinary writs of habeas corpus and mandamus are available to compel the executive to perform its duty to credit jail time. *See Cooksey,* 830 S.W.2d at 425; *State ex rel. Haley v. Groose,* 873 S.W.2d 221 (Mo. banc 1994).

■ Murphy argues that in *Cooksey,* a post-conviction motion was not available because the filing deadline had passed. The *Cooksey* logic, however, applies equally in this case; Rule 24.035 motions cannot include claims of credit for time served. *See Thomas v. State,* 808 S.W.2d 364, 368 (Mo. banc 1991).

To the extent that *Scott v. State,* 770 S.W.2d 269 (Mo.App.1989), *Hart v. State,* 588 S.W.2d 226 (Mo.App.1979), *Jones v. State,* 767 S.W.2d 90 (Mo.App.1989), and *Grove v. State,* 772 S.W.2d 390 (Mo.App.1989) conflict with this opinion, they are overruled.

Affirmed.

All concur.