appeal filed within the time specified by its written instructions.

Twelve Oaks relied on the Commission's statement that the appeal would be timely if filed within the time limits stated in the Instructions and Information. The second element required for estoppel was shown.

Twelve Oaks was injured by its reliance on the Commission's statement. It was denied its right to be heard in its complaint that the assessment of the Board of Equalization was erroneous. The third element was shown.

The statement on which Twelve Oaks relied was disseminated by the Commission in that the Commission provided the written Instructions and Information that were incorrect. The dissemination of erroneous instructions was affirmative misconduct.

The hearing of Twelve Oaks' appeal would not interfere with the proper discharge of the Commission's governmental duties. It would not curtail the exercise of the state's police power or thwart public policy. Twelve Oaks' equitable right to appeal the assessment by the Board of Equalization is greater than the Commission's right to reject that appeal in these circumstances; thus the Commission's right to refuse the appeal yields to Twelve Oaks' right to be heard. Points II and III are denied. Point I is moot by reason of estoppel.

For the foregoing reasons, under the facts herein, this court finds the Commission's order declaring it to be without jurisdiction to be unauthorized by law. The Order Denying Jurisdiction to take Complaint for Review of Assessment is reversed in accordance with §§ 536.140.2(4) and 536.140.5, RSMo 2000. The case is

remanded to the Commission for proceedings consistent with this opinion.

PREWITT, P.J., and SHRUM, J., concur.

**STATE of Missouri, Plaintiff–Respondent,**

v.

**Khalifah A. FARUQ, Defendant–Appellant.**

**No. 25280.**

Missouri Court of Appeals,
Southern District,
Division One.

July 30, 2003.

Ken Denzel, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, John M. Morris, Assistant Attorney General, Jefferson City, for respondent.

PHILLIP R. GARRISON, Judge.

Khalifah A. Faruq ("Appellant") was charged by information with four counts of assault of a law enforcement officer in the first degree, a violation of Section 565.081(1)[1], one count of resisting arrest, a violation of Section 575.150, one count of property damage in the first degree, a violation of Section 569.100, and one count of receiving stolen property, a violation of Section 570.080. Following trial by jury, he was acquitted of two of the first-degree assault counts and the count for receiving stolen property. He was found guilty of two counts of the lesser-included charge of assault of a law enforcement officer in the third degree and one count of property damage, for which he was sentenced to three concurrent terms of six months in jail. He also was found guilty of one count of resisting arrest, for which he was sentenced to three years imprisonment, to be served concurrently with the six-month sentences.

Appellant alleges in a single point that the trial court lacked jurisdiction or, alternatively, plainly erred in sentencing him to three years imprisonment for resisting arrest, in violation of his right to due process, because the crime of resisting arrest, as it was charged by the State and submitted to the jury, was a class A misdemeanor, the maximum sentence for which is one year in jail. Appellant asks this court to remand the case for resentencing and an order of immediate discharge.

The crime of resisting arrest may be committed by either "using or threaten-

---

1. References to statutes are to RSMo (2000) unless otherwise indicated.

ing the use of violence, physical force or physical interference" against the arresting officer or by "fleeing from such officer." Section 575.150(1)(2). If the crime is committed "by means other than flight," it is classified as a class D felony; otherwise, it is a class A misdemeanor. Section 575.150(4). Class D felonies are punishable, under Section 558.011, to imprisonment for up to five years; class A misdemeanors are punishable under the same statute by a term not to exceed one year in jail. "The statutory language makes it plain that resisting arrest is a felony offense only if the underlying offense is a felony and the resistance is accomplished by a means other than flight." *State v. Furne*, 642 S.W.2d 614, 616 (Mo. banc 1982); *see also State v. Polzin*, 859 S.W.2d 254, 255–56 (Mo.App. S.D.1993).

Appellant was charged by information with resisting arrest "by fleeing from the [arresting] officers." Notwithstanding the statutes and cases cited above, this count was mistakenly charged as a class D felony. The verdict director for this charge alleged that "for the purpose of preventing the law enforcement officers from making the arrest, [Appellant] resisted by fleeing from the officers." In its verdict, the jury found Appellant guilty of resisting arrest "as submitted."

■ The trial court sentenced Appellant to three years imprisonment on this count. The parties agree that this was error and that the case should be remanded for resentencing. Appellant correctly characterizes the sentence as outside the jurisdiction of the trial court. "A sentence which is in excess of that authorized by law is beyond the jurisdiction of the sentencing court." *State v. Prell*, 35 S.W.3d 447, 450 (Mo.App. W.D.2000). We agree with the parties that a sentence of three years for a class A misdemeanor clearly is such a sen-

tence, and that the case must be remanded for resentencing.

■ The only issue to be decided, then, is Appellant's request that we order his immediate discharge since he "has been incarcerated for these offenses since the date of their occurrence, January 15, 2002, and the maximum possible sentence—even if it could be made consecutive—would be a total of eighteen months, or until July 15, 2003." The State contends we have no authority to order an immediate discharge of Appellant based upon time already served, because this "is not an authorized disposition under [Rule] 30.22 and 'it is the sheriff and Department of Corrections, not the court, that calculate and record time served.'" (quoting *Murphy v. State*, 873 S.W.2d 231, 232 (Mo. banc 1994)).

The trial court sentenced Appellant to three concurrent terms of six months imprisonment for third-degree assault of a law enforcement officer and second-degree property damage, in addition to the three-year term for resisting arrest. Appellant correctly notes that since the trial court only had jurisdiction to sentence him to up to one year, and not three years, for resisting arrest, the maximum allowable length of incarceration is eighteen months, even if the three concurrent six-month terms were ordered to run consecutively with a possible one year maximum term for resisting arrest. Assuming the accuracy of Appellant's claim that he has been incarcerated continuously since the date of his arrest, January 15, 2002, it appears that July 15, 2003 was the latest Appellant could justifiably have been incarcerated.

■ However, the State is correct in asserting that courts in Missouri have no authority to calculate or record time served for the purpose of determining when or if Appellant should be released. Section 558.031 addresses the calculation of terms of imprisonment and time served,

and the "prescriptions [therein] cannot reasonably be interpreted as being directed to courts; nor is the information necessary to carry them out convenient (if, indeed, as a practical matter, available at all) to the ... court." *State ex rel. Jones v. Cooksey,* 830 S.W.2d 421, 425 (Mo. banc 1992). "As a matter of law, claims for credit for time served under [S]ection 558.031 are not cognizable. Section 558.031 'contemplates an administrative and not a judicial determination of the jail time to be credited, with no sharing of jurisdiction between the two branches of government.'" *Mashek v. State,* 940 S.W.2d 1, 2 (Mo.App. W.D.1997) (quoting *Murphy* at 232); *see also Jones* at 425. "A prisoner seeking credit towards service of his sentence must request credit from the executive branch's department of corrections." *Mashek* at 2. Notwithstanding the apparent accuracy of Appellant's claim regarding his latest possible release date it is clear we have no authority to calculate or credit Appellant's time served for the purpose of ordering his immediate discharge. This is within the exclusive purview of the department of corrections.

The portion of the judgment sentencing Appellant to three years imprisonment for resisting arrest is reversed. In all other respects, the judgment is affirmed. The case is remanded for resentencing within the parameters discussed herein.

PREWITT, J., and BARNEY, P.J., concur.