**Kenneth Ray HOWARD, Appellant,**

v.

**MISSOURI DEPARTMENT OF CORRECTIONS, Respondent.**

**No. WD 72520.**

Missouri Court of Appeals, Western District.

May 31, 2011.

Kenneth Ray Howard, Appellant pro se.

Stephen D. Hawke and Terrence M. Messonnier, Jefferson City, MO, for respondent.

Before Division One: GARY D. WITT, Presiding Judge, JAMES E. WELSH, Judge and ALOK AHUJA, Judge.

GARY D. WITT, Judge.

Kenneth Ray Howard, an inmate, filed a declaratory judgment action against the Missouri Department of Corrections ("MDC") as it pertained to credit for time served on his sentence that he alleged he was entitled to as a matter of law. MDC filed a motion for summary judgment, and the trial court granted the motion and dismissed Howard's lawsuit in its entirety. For the reasons explained herein, we reverse the trial court's judgment and remand for further proceedings.

## Factual Background

Howard is currently incarcerated in MDC for crimes he committed on August 21, 1991. Specifically, on December 5, 1997, Howard was convicted of murder in the second degree, burglary in the first degree and armed criminal action in St. Charles County Circuit Court. Based on these convictions, Howard was sentenced to life imprisonment for murder, fifteen years for burglary, and one hundred years for armed criminal action. Howard was ordered by the Court to serve these sentences consecutively.

After committing the above crimes in 1991, Howard left the United States and moved to Canada. On October 18, 1991, Howard was arrested by the Canadian authorities for violating certain laws within that country. Specifically, Howard was charged with "driving while impaired, failing or refusing to provide sample, 'personation' with intent and 2 charges of obstruction of police." On March 27, 1992, Howard was convicted of all the Canadian charges (except the obstruction of police charges, which were dismissed), and Howard was sentenced to a total term of forty-five days of incarceration for his Canadian crimes.

On November 21, 1991, the State of Missouri filed a warrant for Howard's arrest with the appropriate Canadian authorities for his extradition back to the United States. Subsequently, Howard was delivered from the Canadian authorities to the custody of St. Charles County on December 28, 1995.

On February 4, 2009, Howard, acting *pro se,* filed his Petition for Declaratory Judgment in Cole County Circuit Court. The gravamen of Howard's Petition was that he was entitled as a matter of law to receive credit from MDC on his Missouri sentences for the time he served while in custody in Canada. MDC subsequently filed its Motion for Summary Judgment on December 10, 2009. On April 13, 2010, the trial court issued its "Memorandum, Order and Judgment" granting MDC's motion for summary judgment, and dismissing Howard's Petition. Howard now appeals.

## Standard of Review

"Our review of an appeal from the grant of a motion for summary judgment is essentially de novo." *Johnson v. Missouri Bd. of Probation and Parole,* 92 S.W.3d 107, 111 (Mo.App. W.D.2002). "[T]he entry of summary judgment is appropriate when the moving party establishes that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law." *O.L. v. R.L.,* 62 S.W.3d 469, 473 (Mo.App. W.D. 2001). Moreover, when an issue raised in a motion for summary judgment "involves a question of law ... this court's review is *de novo.*" *Carroll v. Missouri Bd. Of Probation and Parole,* 113 S.W.3d 654, 656 (Mo.App. W.D.2003).

## Analysis

■ Howard brings seven Points Relied On, all of which contend that the trial court erred in granting MDC's motion for summary judgment.

In his Petition below, Howard alleged the following:

After Plaintiff served his forty-five (45) day sentence [for his Canadian convictions]; the State of Missouri compelled Canadian authorities to further detain him in Canada's jail for purposes of extradition to St. Charles County, Missouri, until December 29, 1995.... Plaintiff spent approximately four (4) years in a Canadian jail for the purpose of extradition. None of this time was accredited to Plaintiff's sentence by the Missouri Department of Corrections.

Section 558.031.1(2) clearly shows that said time served "shall" be accredited to Plaintiff's sentence ... As such Plaintiff is entitled to the four (4) years awaiting extradition in Canada, because the State of Missouri exclusively compelled the Canadian Government to hold Plaintiff under a Missouri Detainer.[1]

In granting MDC's motion for summary judgment, the trial court concluded that there were no material facts in dispute between the parties because Howard failed to admit or deny MDC's statements of uncontroverted facts in his response and therefore they were deemed admitted. (citing Rule 74.04(c)(2)).[2] The trial court properly found that Howard's failure to deny any of the movant's factual statements constituted "an admission of the truth" of all of those statements of uncontroverted fact. Rule 74.04(c)(2); *see also Great Rivers Habitat Alliance v. City of St. Peters*, 246 S.W.3d 556, 564 (Mo.App. W.D.2008).

But even if admitted, the trial court still must determine if the admitted facts legally support the granting of MDC's motion for summary judgment. There is very little that is factually in dispute between the averments in Howard's Petition and the facts as set forth in MDC's motion for summary judgment. The parties do not dispute that on November 21, 1991, the State of Missouri lodged a detainer against Howard pursuant to which Howard was held in Canada and was not delivered to the custody of St. Charles County until December 28, 1995. The dispositive issue then becomes, based on the undisputed facts, whether "the moving party is entitled to judgment as a matter of law." Rule 74.04(c)(6); *Goerlitz v. City of Maryville*, 333 S.W.3d 450, 452 (Mo. banc 2011) (emphasis added) ("Summary judgment is only proper if the moving party establishes that there is no genuine issue as to the material facts *and* that the movant is entitled to judgment as a matter of law.").[3]

---

1. On appeal, MDC argues that "Mr. Howard does not, in any of his points relied on, allege that the trial court erred in interpreting Section 558.031.1 to exclude a person contesting extradition from receiving jail time credit." We disagree. Specifically, in Point Five, Howard argues that "the trial court erred in adopting respondents' contention that I am not entitled to relief due to me exercising extradition proceedings ... in that the State cannot legally deny me one due process of law i.e. RSMo. Section 558.031 just because I exercised another due process i.e. extradition treaty." MDC does not suggest that Howard's brief should be struck pursuant to Rule 84.04, but we believe it is worth noting that while not a model of appellate briefing, it accomplished the following requisite tasks: "(1) identif[ied] the ruling or action of the trial court that is being challenged on appeal; (2) state[d] the legal reason or reasons for the claim of reversible error; and (3) explain[ed] in summary fashion why, in the context of the case, the legal reason or reasons support the claim of reversible error." *White v. White*, 293 S.W.3d 1, 13 (Mo.App. W.D.2009). Indeed, in Point Five, beyond merely listing the proper statutory basis for his claim of relief, Howard even cited to the seminal Missouri Supreme Court case that we believe is dispositive in this appeal. This Point, coupled with the Howard's averments in his Petition that are quoted above, demonstrate that Howard fairly articulated the theory under which we believe he is entitled to relief.

2. All rule citations are to the Missouri Supreme Court Rules (2011), unless otherwise indicated.

3. "A defending party, such as the [MDC], may establish a right to summary judgment by demonstrating: (1) facts negating any one of the elements of the non-movant's claim; (2) that the non-movant, after an adequate period for discovery, has not been able and will not be able to produce sufficient evidence to allow the trier of fact to find the existence of any one" of the elements of the non-movant's claim; or (3) that there is no genuine dispute as to the existence of the facts necessary to support movant's properly pleaded affirmative defense. *Goerlitz*, 333 S.W.3d at 453 (quotations omitted).

■ "To grant a declaratory judgment, the court must be presented with: (1) a justiciable controversy that presents a real, substantial, presently-existing controversy admitting of specific relief, as distinguished from an advisory decree upon a purely hypothetical situation; (2) a plaintiff with a legally protectable interest at stake, consisting of a pecuniary or personal interest directly at issue and subject to immediate or prospective consequential relief; (3) a controversy ripe for judicial determination; and (4) an inadequate remedy at law." *Mo. Soybean Ass'n v. Mo. Clean Water Comm'n*, 102 S.W.3d 10, 25 (Mo. banc 2003) (internal quotation marks omitted).

Here, Section 558.031 is the applicable statute that Howard contends entitles him to credit for time served in Canada pursuant to the Missouri detainer. "In 1995, the legislature amended section 558.031," and because Howard "committed his crimes prior to the amendment ... the pre-amended version of section 558.031 ... applies here." *Webster v. Purkett*, 110 S.W.3d 832, 835, fn. 3 (Mo.App.E.D.2003); *see also Prapotnik v. Crowe*, 55 S.W.3d 914, 919–20 (Mo.App. W.D.2001). In 1991, when Howard committed the offenses for which he is currently incarcerated, Section 558.031 read, in relevant part:

**Calculation of terms of imprisonment— credit for jail time awaiting trial**

1. A person convicted of a crime in this state shall receive as credit toward service of a sentence of imprisonment all time spent by him in prison or jail both while awaiting trial for such crime and while pending transfer after conviction to the department of corrections or the place of confinement to which he was sentenced. Time required by law to be credited upon some other sentence shall be applied to that sentence alone, except that

(1) Time spent in jail or prison awaiting trial for an offense because of a detainer for such offense shall be credited toward service of a sentence of imprisonment for that offense even though the person was confined awaiting trial for some unrelated bailable offense; and

(2) Credit for jail or prison time shall be applied to each sentence if they are concurrent.

Here, the trial court concluded that pursuant to Section 558.031 Howard was not entitled to credit for any of the time that he was incarcerated in Canada (from October 18, 1991 to December 28, 1995), and thus it granted MDC's motion for summary judgment. In so concluding, the trial court found that Howard was not entitled a credit pursuant to Section 558.031 while "in Canadian custody after the Missouri detainer was filed and while he was not serving his Canadian sentence because that time was not spent 'awaiting trial'" but rather Howard "was being held in Canadian jail, pending his extradition proceedings to the United States."

The Missouri Supreme Court has made it clear that the trial court has no discretion in calculating credit for jail time awaiting trial pursuant to Section 558.031. *State ex rel. Jones v. Cooksey*, 830 S.W.2d 421, 424 (Mo. banc 1992). Furthermore, the Court expressly held in *Cooksey* that a prisoner is entitled to time served under Section 558.031 in a foreign jurisdiction if "the confinement is *because of* the Missouri detainer." *Id.* at 426 (emphasis original).

In *Cooksey*, the Missouri Supreme Court dealt with a prisoner who had filed a writ of habeas corpus requesting credit for time served in Kansas on his Missouri sentence because MDC had not credited the prisoner for any time he had been held on a Missouri detainer while in Kansas. *Id.* at

423. On appeal, the Court held that pursuant to Section 558.031 any confinement in Kansas that was served by the prisoner "because of the Missouri detainer" was "creditable (even though also served while awaiting trial for the Kansas offense, presumably bailable, of kidnapping)." *Id.* at 426. Thus, the Court remanded the matter to the circuit court to determine "whether relator properly calculated the jail time and, if not, to assure that he does." *Id.* at 426–27.[4]

Here, the trial court expressly found that Howard was incarcerated in Canada because of the Missouri detainer, yet ignored the Missouri Supreme Court's holding in *Cooksey*. *See* Judgment, pg. 5 ("Petitioner was being held in Canadian jail, pending his extradition proceedings to the United States."). In doing so, the Court relied on its own novel analysis that Howard's time incarcerated in Canada did not fall within the confines of Section 558.031 because Howard "was not held in jail simply 'awaiting trial' for St. Charles County offenses" but instead "fought his extradition all the way to the Canadian Supreme Court." The problem with the trial court's analysis is that the legislature in Section 558.031 did not differentiate between incarcerated time spent fighting extradition in a foreign jurisdiction, but instead only stated that one is entitled to credit for all that time spent incarcerated "because of a detainer." Section 558.031.1(1). But for the Missouri detainer there would have been no extradition for Howard to fight because the Canadian officials would have otherwise released him after he served his forty-five day Canadian sentence, and thus his subsequent incarceration was "because of a detainer" lodged by Missouri.

While the trial court concluded that Howard was not "awaiting trial" (as required by Section 558.031) when fighting extradition, the court overlooked that this was the very purpose of the detainer that was lodged against Howard, so that the State could eventually try him on the charges for which he is now incarcerated. *See State ex rel. Lightfoot v. Schriro*, 927 S.W.2d 467, 468 (Mo.App. W.D.1996) ("The detainer directed the department to hold Mr. Lightfoot for trial on various criminal charges."). A common definition of "await" is "to be in store for [;] be ready or in waiting for." Webster's Third New International Dictionary 152 (unabridged ed.1993). A trial on the Missouri charges was in store for Howard as he fought extradition, and he was otherwise subject to release by Canadian authorities. Ultimately, while we fail to ascertain any ambiguity in this statute under the facts of this case, we note that any such ambiguity would have to be resolved in Howard's favor. *See Goings v. Mo. Dep't of Corr.*, 6 S.W.3d 906, 908 (Mo. banc 1999) ("In construing [§ 558.031.1], we are guided by the principle that criminal statutes must be construed strictly against the state and liberally in favor of the defendant.").

Therefore, we conclude that MDC was not entitled to summary judgment on Howard's declaratory judgment action because MDC has failed to demonstrate that Howard is not entitled to relief for some of the time not properly credited to Howard's sentence while incarcerated in Canada. We agree with the trial court that Howard

4. The Missouri Supreme Court noted that this prisoner should not receive credit pursuant to Section 558.031 for any time that "he was confined in such other unbailable status as that of a parole violator, for which credit may not properly be given" because that incarceration would be unrelated to the Missouri detainer. *Id.*

is not entitled to *all* the relief he seeks in his Petition, but this alone is insufficient for MDC to demonstrate that it is entitled to summary judgment.[5]

Based on the procedural posture of the case, this matter must be remanded to the trial court. It is worth noting that even MDC conceded on appeal that *Cooksey* supported "Mr. Howard's claim for approximately 127 days of jail time credit during which his Canadian charges were pending." Because of the likelihood of success on the merits of Howard's claims *based on the undisputed facts as found by the trial court*, it would seem prudent for MDC to recalculate the credit Howard is entitled to while he was incarcerated in Canada.[6] However, because of the procedural posture of this case, it is not this Court's role to resolve the final merits of Howard's declaratory judgment action.

For all of the aforementioned reasons, we reverse and remand this matter to the trial court for proceedings not inconsistent with this opinion.

Point Five is granted.

Because we grant Howard's Fifth Point, we need not reach the merits of his other Points Relied On because those Points request duplicative relief already granted in Point Five. *See Wagner v. Mortgage Information Services, Inc.,* 261 S.W.3d 625, 635 (Mo.App. W.D.2008).

---

5. For example, in his Petition, Howard seeks credit for time served after being arrested in Canada on October 18, 1991, but it is not disputed that the detainer in question was not lodged against Howard until November 21, 1991. Section 558.031 is clear that Howard is not entitled to any credit for any time served by him in Canada prior to the lodging of the detainer in light of the fact that his incarceration was not "because of a detainer." Further, the trial court correctly held that Howard is not entitled to credit for the time he spent *serving* his Canadian sentences,

## Conclusion

The judgment of the circuit court is hereby reversed and remanded.

All concur.

since he was not "awaiting trial for some unrelated bailable offense" during that time as required by the 1991 version of Section 558.031.1(1).

6. While noting that this may be an act in futility due to the fact Howard is currently serving a sentence of life plus one hundred and fifteen years, we certainly want Howard to receive all the credit he is entitled to under the law.