**STATE of Missouri, ex rel. Jeremiah
W. (Jay) NIXON, Attorney
General, Relator,**

v.

**Honorable James H. KELLY, Associate
Circuit Judge, St. Francois County
and Shirley Williford, Circuit Clerk,
St. Francois County, Respondents.**

**No. ED 79646.**

Missouri Court of Appeals,
Eastern District,
Writ Division Seven.

Oct. 30, 2001.

Jeremiah W. (Jay) Nixon, Atty. Gen., Cassandra K. Dolgin, Asst. Atty. Gen., Jefferson City, MO, for Relator.

No appearance, for Respondents.

SHERRI B. SULLIVAN, Judge.

■ This is an original proceeding in certiorari to review the issuance of a writ of habeas corpus by the Circuit Court of St. Francois County.[1] We reverse the decision of the habeas court granting habeas corpus and quash the record in the circuit court.

On January 17, 1995, Lester Cobb (Cobb) pled guilty to one count of receiving stolen property (94CR–2184), one count of stealing over $150 (94CR–3245), and one count of first-degree attempted robbery (94CR–4719). Pursuant to plea negotiations, the State agreed to forego proving Cobb as a class X offender, as he was charged. Cobb also waived a presentence investigation. The trial court sentenced Cobb to three concurrent terms of seven years' imprisonment, with these sentences to run concurrently with three other sentences that Cobb was presently serving.

Subsequently, Cobb filed a motion for post-conviction relief pursuant to Rule 24.035.[2] Cobb claimed the following grounds for relief: (1) his guilty pleas were involuntary, unknowing and unintelligent based on trial counsel's erroneous advice; and (2) Rule 24.035 is unconstitu-

---

1. When the Attorney General applies for a writ of certiorari, the writ issues as a matter of course and of right. *State ex rel. Taylor v. Blair,* 357 Mo. 586, 210 S.W.2d 1, 3 (1948).

2. All rule references are to Mo. R.Crim. P.2001, unless otherwise indicated.

tional.[3] The motion court denied Cobb's motion without an evidentiary hearing. We affirmed the judgment of the motion court in a per curiam opinion. *Cobb v. State*, 929 S.W.2d 317 (Mo.App. E.D.1996).

On February 22, 2001, Cobb filed a Petition for Writ of Habeas Corpus challenging the validity of his plea agreement claiming his plea agreement entitled him to seventy-six days of jail time credit for time served prior to his plea of guilty. The habeas court granted Cobb's petition on May 29, 2001. In its Judgment, the habeas court found that Cobb had "pled and proved a right under *State ex rel. Nixon v. Dierker*, 22 S.W.3d 787 (Mo.App. E.D.2000) to have this cause remanded to the sentencing Court to determine the intent and specific performance of the plea agreement." The habeas court then ordered the cases of *State v. Cobb* in the Circuit Court of St. Louis County, cause numbers 94CR–2184, 94CR–3245, and 94CR–4719, to be remanded "to determine the intent of the plea agreement and any adjustment, if any, necessary in the sentence of Defendant in the three specified cases."

On June 6, 2001, the Attorney General filed a Petition for Writ of Certiorari, seeking review of the issuance of the writ of habeas corpus.[4] The Attorney General argues that the habeas court exceeded its jurisdiction in granting Cobb's Petition for Writ of Habeas Corpus.

■ Section 558.031[5] governs jail time credit. The determination of jail time credit under Section 558.031 is administrative, not judicial, with no sharing of juris-

diction between the two branches of government. *State ex rel. Jones v. Cooksey*, 830 S.W.2d 421, 425 (Mo. banc 1992). Under this rule, the sentencing court has no discretion in crediting jail time, and it is the sheriff and the department of corrections, not the court, that calculate and record time served. *Murphy v. State*, 873 S.W.2d 231, 232 (Mo. banc 1994).

■ Cobb's reliance on *Dierker* is misplaced. In *Dierker*, during the plea hearing, the prosecutor recommended to the trial court that the defendant receive jail time credit, and the trial court sentenced the defendant accordingly, although it improperly calculated the sentence. 22 S.W.3d at 788, 791. The habeas court in *Dierker* ordered the amendment of the sentence to reflect the intention of the parties and the sentencing court that the defendant serve a certain amount of time. *Id.* at 791. The record before us does not reveal any intention by the parties or the sentencing court to include jail time credit as part of the plea agreement. During the guilty plea and sentencing hearing on January 17, 1995, the following exchange took place between the trial court and Cobb:

Q. It appears from the forms that the State is recommending a sentence of seven years on each of the three charges, the two class C felonies and the class B felony, with each of these three seven year sentences to run concurrently with each other?

A. Yes, sir.

Q. And concurrently with time you are serving on other prior sentences?

A. Yes, sir.

---

**3.** We note that claims for jail time credit are not cognizable under Rule 24.035. *Murphy v. State*, 873 S.W.2d 231, 232 (Mo. banc 1994).

**4.** The Attorney General also filed a Motion for Stay of Writ of Habeas Corpus, which we granted.

**5.** All statutory references are to RSMo (2000), unless otherwise indicated.

Q. Do you understand that to be the State's recommendation?

A. Yes, sir, I understand.

The trial court then asked the prosecutor if in fact that was the recommendation of the State in the three cases, to which the prosecutor replied "Yes, Your Honor." Further, in its sentencing of Cobb, the trial court never mentioned jail time credit. Thus, *Dierker* is distinguishable from and inapplicable to this case.

Accordingly, the decision of the habeas court granting habeas corpus is reversed and the record in the Circuit Court of St. Francois County, Cause No. 01CV611037, is quashed.

JAMES R. DOWD, C.J., and LAWRENCE G. CRAHAN, J., concur.