James B. **GARR**, Respondent,

v.

**MISSOURI BOARD OF PROBATION AND PAROLE and Larry Crawford, Appellants.**

**No. WD 66466.**

Missouri Court of Appeals, Western District.

Jan. 16, 2007.

Jeremiah W. (Jay) Nixon, Atty. Gen., Stephen David Hawke, Assistant Attorney General, Jefferson City, for appellant.

James B. Garr, Stoutland, pro se.

PAUL M. SPINDEN, Judge.

The Board of Probation and Parole and Larry Crawford, director of the Department of Corrections, appeal the circuit court's judgment granting James B. Garr's motion for judgment on the pleadings and entering a declaratory judgment in favor of Garr. Garr had sought a writ of *mandamus* seeking a declaration that the board had improperly calculated his mandatory minimum prison term. Garr asserted that the board should not have considered his 120–day incarceration pursuant to Section 559.115, RSMo Supp.2004, as a "prior commitment" for the purpose of calculating his minimum prison term under Section 558.019, RSMo Supp.2004. Because an issue of fact remains due to the board's answer to Garr's petition, we reverse the circuit court's judgment and remand for further proceedings.

When the circuit court grants a motion for judgment on the pleadings, we review the allegations of the petition to determine whether or not the facts pleaded therein are insufficient as a matter of law. *Craig v. Missouri Department of Health,* 80 S.W.3d 457, 459 (Mo. banc 2002). The party moving for judgment on the pleadings admits, for purposes of the motion, the truth of all well-pleaded facts in the opposing party's pleadings. *Id.* When reviewing a judgment on the pleadings in favor of the plaintiff, we look to the defendant's answer. *Armstrong v. Cape Girardeau Physician Associates,* 49 S.W.3d 821, 824 (Mo.App.2001), *McGuire v. Director of Revenue,* 174 S.W.3d 87, 89 (Mo.App.2005). "[A] judgment on the pleadings will be affirmed 'only where under the conceded facts, a judgment different from that pronounced could not be rendered notwithstanding any evidence which might be produced.'" *Armstrong,* 49 S.W.3d at 824 (quoting *McIntosh v. Foulke,* 360 Mo. 481, 228 S.W.2d 757, 761 (1950)).

Given the board's answer to Garr's petition, material issues of fact remain unresolved. Other than admitting who the parties were and that the department took custody of Garr on July 12, 2002, the board admitted in its answer only that Garr had "three prior commitments" and that he was "required to serve 80% of his present sentence pursuant to Section 558.019[.]" As to the remaining allegations in Garr's petition, the board asserted that they called for a legal conclusion and denied them, including Garr's allegation that "one of [his] prior prison commitments used by the

[board] in calculating [his] eligibility for release is for an incarceration in 1994 where he served 120–days for treatment under Section 559.115[.]" Given this denial, we fail to see how the circuit court could grant Garr's request for judgment on the pleadings. The pleadings do not establish that the board used Garr's 120–day incarceration as a "prior commitment" for the purpose of calculating his minimum prison term under Section 558.019.

If the evidence establishes that the board did use Garr's 120–day incarceration as a prior commitment for the purpose of calculating his minimum prison term under Section 558.019, the board did so erroneously. The General Assembly amended Section 559.115.7 during 2003 to provide that an offender's first time incarceration in a 120–day callback program does not count as a previous commitment for purposes of calculating mandatory minimum prison terms under Section 558.019. The Supreme Court recently held that "section 559.115.7 can be applied retroactively because the statute is a parole eligibility statute that does not change the offender's punishment." *Dudley v. Agniel,* 207 S.W.3d 617, 618 (Mo. banc 2006).

Hence, we reverse the circuit court's judgment and remand for further proceedings.

RONALD R. HOLLIGER, Presiding Judge, and LISA WHITE HARDWICK, Judge, concur.