STATE of Missouri, EX REL. Joshua
D. HAWLEY, Relator,

v.

The Honorable Randall R. JACKSON,
Circuit Judge of Buchanan County,
and Mary Beattie, Circuit Clerk Bu-
chanan County Circuit Court, Respon-
dents.

WD 80686

Missouri Court of Appeals,
Western District.

OPINION FILED: November 14, 2017

Corrected: November 14, 2017

Andrew J. Crane, Jefferson City, MO, for relator.

Craig A. Johnston, Columbia, MO, for respondents.

Before Writ Division: Cynthia L. Martin, Presiding Judge, Thomas H. Newton, Judge and Lisa White Hardwick, Judge

Cynthia L. Martin, Judge

This is an original proceeding in certiorari to review the grant of a writ of habeas corpus to habeas petitioner Kevin Vaughn ("Vaughn") by the Buchanan County Circuit Court ("habeas court"). Because the Missouri Supreme Court has concluded that its holding in *State v. Bazell*, 497 S.W.3d 263 (Mo. banc 2016) (per curiam) only applies forward, except as to those cases pending on direct appeal, the habeas court's record granting the writ of habeas corpus is quashed.

## Factual and Procedural History

Vaughn was convicted in the Livingston County Circuit Court in 2015 for stealing property valued over $500, charged as a class C felony. Vaughn was sentenced to seven years' incarceration, and was committed to the custody of the Missouri Department of Corrections. Vaughn is currently confined in Buchanan County, Missouri.

On March 2, 2017, Vaughn filed a petition for a writ of habeas corpus in the habeas court alleging that his 2015 conviction and sentence for stealing over $500 was void because *Bazell* held that the offense of stealing pursuant to section 570.030.1, a class A misdemeanor, cannot be enhanced to a class C felony pursuant to section 570.030.3 based on the value of the stolen property because the value of the property is not an "element" of the offense.[1] 497 S.W.3d 263, 266-67. Vaughn argued that he was not seeking retroactive application of a new rule of law, but was merely seeking application of a now properly understood statute that was in effect at the time of his conviction, relying on this court's holding in *Thornton v. Denney*, 467 S.W.3d 292, 298-99 (Mo. App. W.D. 2015).[2]

---

1. Statutory citations are to RSMo Cum. Supp. 2013. The statutes at issue in *Bazell* were amended by the General Assembly effective January 1, 2017, and no longer contain the language addressed in *Bazell*.

2. In *Thornton v. Denney*, 467 S.W.3d 292 (Mo. App. W.D. 2015), we concluded that the Missouri Supreme Court's interpretation of section 577.023 in *Turner v. State*, 245 S.W.3d 826 (Mo. banc 2008) to preclude the use of

On April 6, 2017, the habeas court granted Vaughn a writ of habeas corpus which vacated Vaughn's conviction and sentence, and remanded Vaughn to the Livingston County Circuit Court subject to resentencing.

On April 18, 2017, Relator, the Attorney General of Missouri, filed a petition for writ of certiorari seeking to quash the record of the habeas court. On April 19, 2017, this Court granted a writ of certiorari,[3] and directed the Circuit Clerk for Buchanan County to file a certified record of designated materials from the habeas proceedings. On June 30, 2017, this Court stayed further proceedings in the case pending the resolution of cases before the Missouri Supreme Court which addressed whether the holding in *Bazell* should be applied retroactively.[4] Because those pending cases have now been decided, our stay is dissolved.

### Standard of Review

Rule 91.01(b) provides that "[a]ny person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint." Consideration of a petition for writ of habeas corpus is "limited to determining the facial validity of confinement." *State ex rel. Nixon v. Jaynes*, 73 S.W.3d 623, 624 (Mo. banc 2002). "Under the statutes that have codified the common law

writ, the 'facial validity' of confinement is determined on the basis of the entire record of the proceeding in question." *State ex rel. Nixon v. Dierker*, 22 S.W.3d 787, 789 (Mo. App. E.D. 2000) (citing *Brown v. Gammon*, 947 S.W.2d 437, 440 (Mo. App. W.D. 1997)). The essential question to be determined is whether a review of the entire record establishes that a habeas petitioner is being deprived of his liberty without due process of law. *See Ex Parte Kent*, 490 S.W.2d 649, 650 (Mo. banc 1973).

"[A]n action in certiorari ... seek[s] to quash" the habeas judgment. *State ex rel. White v. Swink*, 256 S.W.2d 825, 827 (Mo. App. St. L. Dist. 1953). Certiorari is thus "available to correct [habeas] judgments that are in excess or an abuse of jurisdiction, and that are not otherwise reviewable on appeal." *State ex rel. Nixon v. Sprick*, 59 S.W.3d 515, 518 (Mo. banc 2001). Upon the completion of our review, our options are to "either quash the writ [of habeas corpus] or to uphold the actions of the habeas court." *State ex rel. Koster v. Jackson*, 301 S.W.3d 586, 589 (Mo. App. W.D. 2010)."[5]

### Analysis

The Attorney General's petition for writ of certiorari contends that the habeas court exceeded its authority or abused its

prior municipal offenses resulting in a suspended imposition of sentence to enhance punishment should be applied to afford habeas relief. *Thornton* did not involve a *Bazell* claim.

**3.** " 'When the Attorney General seeks a writ of certiorari, the writ issues as a matter of course and of right.' " *State ex rel. Nixon v. Kelly*, 58 S.W.3d 513, 516 (Mo. banc 2001) (quoting *State ex rel. Taylor v. Blair*, 357 Mo. 586, 210 S.W.2d 1, 3-4 (1948)).

**4.** *State ex rel. Windeknecht v. Mesmer*, SC96159, 530 S.W.3d 500; *State ex rel. Hol-*

*man v. Sachse*, SC 96160, 530 S.W.3d 500; *State ex rel. Robinson v. Mesmer*, SC 96165, 530 S.W.3d 500; and *State ex rel. Adams v. Mesmer*, SC 96187, 530 S.W.3d 500.

**5.** "In certiorari, this Court is limited to either quashing or not quashing the record of the lower court." *State ex rel. Nixon v. Jaynes*, 61 S.W.3d 243, 246 n.1 (Mo. banc 2001). Thus, an appellate opinion quashing the record of a habeas court is not a denial of the writ by a higher court. *Id.* (citing Rule 91.04(a)(4); Rule 91.22; *In re Breck*, 252 Mo. 302, 158 S.W. 843, 849 (1913)).

discretion in issuing the writ of habeas corpus because: (1) the holding in *Bazell* only applies to cases on direct review, and does not apply retroactively in a habeas corpus proceeding; and (2) the holding in *Bazell* does not apply to bases for enhancement identified in section 570.030.3 beyond the subsection at issue in *Bazell*.

■ We dispense with the second argument first. The Missouri Supreme Court held in *State v. Smith*, 522 S.W.3d 221, 230 (Mo. banc 2017) that "*Bazell's* analysis regarding the applicability of section 537.030.3 to the offense of stealing does not depend on which particular enhancement provision is at issue." "*Bazell* draws no distinction among the numerous subcategories enumerated within section 570.030.3." *Id.* There is no merit, therefore, to the Attorney General's contention that the habeas record should be quashed because Vaughn's stealing charge was enhanced based on a different subsection of section 570.030.3 than that at issue in *Bazell.*

■ The Attorney General's first contention, however, is meritorious. In *State ex rel. Windeknecht v. Mesmer*, SC 96159, 530 S.W.3d 500, 502-03, 2017 WL

4479200, *2 (Mo. banc Oct. 5, 2017),[6] the Supreme Court held that it was "not constitutionally compelled to make retroactive a different interpretation of a state statute." (citing *Wainwright v. Stone*, 414 U.S. 21, 23-24, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973)) (per curiam).[7] " 'A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward.' " *Id.* (quoting *Wainwright*, 414 U.S. at 24, 94 S.Ct. 190; citing *State v. Nunley*, 341 S.W.3d 611, 623-24 (Mo. banc 2011)). The Missouri Supreme Court exercised this authority and "order[ed] [that] the *Bazell* holding only applies forward, except those cases pending on direct appeal." *Id.* As a result, the Supreme Court held that the habeas petitioners in the consolidated cases before it "received a sentence that was authorized by a different interpretation of section 570.030 without objection and should not receive the benefit of retroactive application of this Court's decision in *Bazell*," requiring the denial of habeas relief.[8] *Id.*

The holding in *State ex rel. Windeknecht* is controlling. The habeas court abused its discretion in issuing a writ of habeas corpus granting habeas relief to Vaughn.[9]

---

**6.** *State ex rel. Windeknecht v. Mesmer* was consolidated for purposes of argument and opinion with *State ex rel. Holman v. Sachse*, SC 96160, 530 S.W.3d 500; *State ex rel. Robinson v. Mesmer*, SC 96165, 530 S.W.3d 500; and *State ex rel. Adams v. Mesmer*, SC 96187, 530 S.W.3d 500.

**7.** *State ex rel. Windeknecht* observed that Wainwright "dealt with a state supreme court reversing its own prior interpretation of a state statute," but held that "there is no basis to assume this same principle of federalism would not apply to a state supreme court's authority to choose to prospectively apply a different interpretation that a prior subordinate appellate court," SC 96159, 530 S.W.3d 500, 503 n. 5, 2017 WL 4479200, *3 n. 5 (Mo. banc Oct. 5, 2017). The Supreme Court was referring to the fact that *Bazell*

reached a conclusion interpreting section 570.030.3 that was different from the conclusion reached in *State v. Passley*, 389 S.W.3d 180, 182-83 (Mo. App. S.D. 2012). *State ex rel. Windeknecht*, SC 96159, 530 S.W.3d 500, 501-03, 2017 WL 4479200, *1-2 (Mo. banc Oct. 5, 2017).

**8.** *State ex rel. Windeknecht* did not address this court's holding in *Thornton v. Denney*, 467 S.W.3d 292 (Mo. App. W.D. 2015), which, as we explain, *supra*, note 2, involved the application in a habeas proceeding of the Missouri Supreme Court's interpretation of a different statute than the one at issue in *Bazell.*

**9.** Following its opinion in *State ex rel. Windeknecht*, the Missouri Supreme Court ordered retransfer to this court of *Culp v. Lawrence,*

## Conclusion

The record of the habeas court is quashed.

All concur

WD 80220, for reconsideration in light of *State ex rel. Windeknecht.* In *Culp,* this court held that *Bazell* should be retroactively applied to require habeas relief. There is no

question, thereafter, that *State ex rel. Windeknecht* applies to all pending habeas proceedings which relied on *Bazell* to seek habeas relief.