

# In the Missouri Court of Appeals
## Western District

MICHAEL FRENCH,                          )
                    Respondent,          )
v.                                       )          WD81747
                                         )
MISSOURI DEPARTMENT OF                   )
CORRECTIONS,                             )          FILED: May 5, 2020
                    Appellant.           )

## APPEAL FROM THE CIRCUIT COURT OF COLE COUNTY
### THE HONORABLE DANIEL R. GREEN, JUDGE

### BEFORE DIVISION THREE: MARK D. PFEIFFER, PRESIDING JUDGE,
### LISA WHITE HARDWICK AND ANTHONY REX GABBERT, JUDGES

The Missouri Department of Corrections ("MDOC") appeals from the declaratory judgment granted in favor of Michael French on his request that the circuit court retroactively apply the repeal of Section 195.295, RSMo 2000, and declare him immediately eligible for parole. For reasons explained herein, we reverse and enter judgment in favor of MDOC pursuant to Rule 84.14.

### FACTUAL AND PROCEDURAL HISTORY

In 2014, French pled guilty to drug trafficking in the second degree as defined by Section 195.223, RSMo Cum. Supp. 2012. He was sentenced, as a prior and persistent drug offender, to twenty years' imprisonment without eligibility for probation or parole, pursuant to Section 195.295. Subsequently, the General Assembly repealed Section 195.295, effective January 1, 2017.

French filed a petition requesting the circuit court to declare that he was immediately eligible for parole following the repeal of Section 195.295. Both French and MDOC moved for judgment on the pleadings. On April 23, 2018, the circuit court granted French's motion and his petition for declaratory judgment. The court's ruling stated that Section 195.295 is no longer applicable in determining French's parole eligibility and ordered MDOC to apply the "existing laws" to determine his eligibility for parole. MDOC appeals.

## STANDARD OF REVIEW

Rule 55.27(b) provides that a party can make a motion for a judgment on the pleadings after the parties' pleadings are closed. Rule 55.27(b). We review the circuit court's grant of a motion for judgment on the pleadings *de novo*. *Barrett v. Greitens*, 542 S.W.3d 370, 375 (Mo. App. 2017). "A motion for judgment on the pleadings is properly granted if, from the face of the pleadings, the moving party is entitled to judgment as a matter of law." *Id.* at 376.

## ANALYSIS

In its sole point on appeal, MDOC contends that the circuit court erred in granting French's motion for judgment on the pleadings because Section 1.160, RSMo 2016, bars the retroactive application of the General Assembly's repeal of the statute governing his parole ineligibility.

This appeal has been stayed for more than eleven months to allow the Missouri Supreme Court to address this issue in two cases pending before it. The Supreme Court announced its rulings in *Mitchell v. Phillips*, SC97631, 2020 WL 547402 (Mo. banc February 4, 2020) and *Woods v. Missouri Department of Corrections*, SC97633,

2

2020 WL 548567 (Mo. banc February 4, 2020), and issued final mandates on March 31, 2020. Those decisions now govern our disposition of this appeal. *See* MO. CONST. art V, § 2. In *Mitchell* and *Woods*, the Court held that parole ineligibility under Section 195.295 is part of an offender's sentence and that retroactive application of the 2017 repeal to remove such ineligibility would be an impermissible change to the offender's sentence. *Mitchell,* 2020 WL 547402 at \*3; *Woods*, 2020 WL 548567 at \*1

The issue raised by MDOC in the instant appeal is whether Section 1.160 prohibited the retroactive application of the repeal of Section 195.295 as it pertains to French's eligibility for parole. Section 1.160 governs the effect of the repeal of a penal statute and provides:

> No offense committed and no fine, penalty or forfeiture incurred, or prosecution commenced or pending previous to or at the time when any statutory provision is repealed or amended, shall be affected by the repeal or amendment, but the trial and punishment of all such offenses, and the recovery of the fines, penalties or forfeitures shall be had, in all respects, as if the provision had not been repealed or amended, except that all such proceedings shall be conducted according to existing procedural laws.

In *Mitchell,* the Missouri Supreme Court addressed the limited scope of this provision as a "general savings statute [that] serves a narrow purpose." 2020 WL 547402 at \*3. The Court explained that Section 1.160 applies only when the repeal occurs before adjudication of the offense is complete. *Id.* at \*4. "When a case has been reduced to final judgment and direct review exhausted, however, the preservation afforded by section 1.160 is unnecessary because the repeal does not affect final adjudications in the first instance." *Id.* at \*4.

3

In this case, French plead guilty in 2014; therefore his conviction had been reduced to final judgment and was no longer subject to direct review long before the repeal of Section 195.295 in 2017.  Consequently, while we must reject MDOC's argument that Section 1.160 prevents retroactive application of the statutory repeal in this circumstance, the Court's decision in *Mitchell* nevertheless forecloses any relief for French.  *See id.* at *5.  French's parole eligibility was fixed by Section 195.295 and "[h]e remains ineligible for parole in accordance with the terms of his sentence."  *Id.*  The circuit court erred in granting French's motion for judgment on the pleadings, and we therefore reverse the declaratory judgment.

In moving for judgment on the pleadings, the movant concedes, for purposes of the motion, that all well-pleaded facts contained in the non-moving party's petition are true.  *Garr v. Mo. Bd. of Prob. & Parole*, 211 S.W.3d 191, 192 (Mo. App. 2007). Here, both parties moved for judgment on the pleadings and are in agreement about the material facts at issue in this case.  In particular, the parties agree that French plead guilty to second degree drug trafficking, that he was sentenced as a prior and persistent offender to twenty years' imprisonment without the possibility of probation or parole pursuant to Section 195.295, and that Section 195.295 was subsequently repealed. The only disagreement between the parties concerns the legal effect of Section 195.295's repeal and its interaction with Section 1.160.  Based on our determination that neither the repeal of Section 195.295 nor the provisions of Section 1.160 have any effect on French's ineligibility for parole, we grant relief pursuant to Rule 84.14 and enter judgment in favor of MDOC on its cross-motion for judgment on the pleadings. *See Malawey v. Malawey*, 137 S.W.3d 518, 525 (Mo. App. 2004) ("We can render the

4

judgment that the trial court should have rendered when the record and evidence give us confidence in the reasonableness, fairness, and accuracy of the conclusion reached.").

## CONCLUSION

The circuit court's judgment is reversed, and this court enters judgment in favor of MDOC pursuant to Rule 84.14.

_____
LISA WHITE HARDWICK, JUDGE

ALL CONCUR.